EDWARD H. BARKER & others *vs.* HENRY C. VALENTINE & another.

In an action by an indorsee against the maker of a negotiable promissory note, payable to an insurance company, and indorsed to the plaintiff before its maturity, claims against that company cannot be set off, although the indorsee knew that the note was given for premiums of insurance.

ACTION OF CONTRACT on a promissory note, payable to the Commercial Mutual Marine Insurance Company or order, and indorsed by them to the plaintiffs, and bearing on its face the number of a policy for which it was given.

At the trial in the superior court of Suffolk at November term 1856, the defendants proved a loss under the policy, which had not been paid, and sought to set it off against the note; and it was proved that one of the plaintiffs was a director of the company, and knew that the note was given for premiums.

*Huntington, J.* instructed the jury, "that as the plaintiffs, or one

29 *

of them, had actual notice, when they received the note declared upon, that it was a premium note given by the defendants to said company for premiums of insurance, upon the facts found cr admitted in the case, they took it so far subject to such equities and such defences as the same would have been subject to, if held by the company."

A verdict was taken for the defendants, and the plaintiffs alleged exceptions, which were argued before the decision of the next preceding case of *Barker* v. *Parker, ante,* 339.

*A. H. Fiske,* for the plaintiffs, was stopped by the court.

*M. G. Cobb,* for the defendants, cited Rev. Sts. *c.* 37, § 31, *St.* 1851, *c.* 281, §§ 13–17, 20; *Williams* v. *Cheney,* 3 Gray, 215, and 8 Gray, 206; Chit. Con. (8th Amer. ed.) 265; 1 Greenl. Ev. § 112.

Thomas, J. The note in suit was given to the Commercial Insurance Company for premiums of insurance. It is a negotiable note. It was negotiated and indorsed to the plaintiffs, for value, before its maturity. The fact that the note was given for premiums of insurance was known to the plaintiffs when they took it, that is, they knew that the consideration of the note was a good one.

The presiding judge instructed the jury that the plaintiffs, by reason of such knowledge, took the note subject to the equities and defences to which it would be liable in the hands of the insurance company, and that the defendants might avail themselves, in defence to this suit, of claims accruing against the insurance company, even after the negotiation of the note.

Obviously these instructions take the note in suit out of the ordinary well settled rules of law. The contract of the defendants was not simply to pay the insurance company, but to pay whomsoever the insurance company should order them to pay. If the contract was a legal one, if there was nothing in the relation of the makers of the note to the insurance company, which would prevent their giving, or the company receiving and using, a negotiable note for premiums of insurance, the instructions given to the jury were erroneous. We listened to the argument of counsel; we have examined the statutes cn the subject

of mutual insurance companies; without discovering any ground upon which we can say that the contract could not be lawfully made, or enforced as made.

The only case relied upon by the defendants' counsel is that of *Williams* v. *Cheney*, 3 Gray, 215. That case, we think, proceeds upon the ground that mutual insurance companies might well take a negotiable note; that a *bona fide* holder of this note for value might maintain his action upon it; and that the action of the insurance company and of the maker of the note after its negotiation could not impair the rights of the indorsee. The case, as we understand it, is in conflict with the grounds of defence relied on in the case at bar.

*Exceptions sustained*